# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ROBBIE DALE MITCHELL, | ) |
|             Petitioner, | ) |
| v. | ) Case No. CIV-21-00405-JD |
| STATE OF OKLAHOMA, | ) |
|             Respondent. | ) |

## **ORDER**

Before the Court is a Report and Recommendation [Doc. No. 7] issued by United States Magistrate Judge Amanda Maxfield Green on May 26, 2021, recommending that Petitioner Robbie Dale Mitchell's ("Mitchell") Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 [Doc. No. 1] be dismissed without prejudice to refiling. Judge Green advised Mitchell that he may file an objection to the Report and Recommendation with the Clerk of Court by June 16, 2021, and that failure to timely object to the Report and Recommendation waives the right to appellate review of both factual and legal issues contained in the Report and Recommendation. [Doc. No. 7 at 7]. *See also Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

The record reflects that Mitchell did not timely file an objection to the Report and Recommendation or request an extension of time to do so. The Court notes that Mitchell filed an incomplete notice of change of address [Doc. No. 5],[1] and that the Report and

---

[1] LCvR5.4(a) is clear that a change of address form "shall contain name, *mailing address*, daytime telephone number, fax number, and e-mail address, if any, of the attorney or pro se litigant." (emphasis added). In [Doc. No. 5], Mitchell only provides his

Recommendation was returned as undeliverable [Doc. No. 8]. Mitchell is responsible, however, for timely notifying the Court of any change of address and "[p]apers sent by the court will be deemed delivered if sent to the last known address given to the court." LCvR5.4(a); *see also Theede*, 172 F.3d at 1265 ("Any delay in receiving the magistrate's recommendation resulted from [pro se plaintiff's] failure to correct or change his address in a clear and concise way likely to bring it to the court's attention"). Further, the Court's records reflect that on June 7, 2021, the same date the mail was returned as undeliverable [*see* Doc. No. 8], the Court staff mailed a notice of change of address form and instructions for filing a Notice of Change of Address to Mitchell at P.O. Box 260, Lexington, Oklahoma, 73051, as well as another copy of the Report and Recommendation. Mitchell never filed anything in response.

Having reviewed the Report and Recommendation and all filings in this case, the Court agrees with the Report and Recommendation that Mitchell has failed to exhaust his administrative remedies and that this action should be dismissed without prejudice. The Court **ADOPTS** the Report and Recommendation [Doc. No. 7] for the reasons stated

---

name, prisoner identification number, and "Oklahoma D.O.C." as the address, with no mailing address, city, state, or zip code. This is inadequate under the Local Rules. *See* LCvR5.4; *see also* Fed. R. Civ. P. 5(b)(2)(C) (paper is served by "mailing it to the person's last known address—in which event service is complete upon mailing"). The Court is not required to try to locate a party when they provide incomplete or confusing information. *Cf. Theede v. U.S. Dep't of Labor*, 172 F.3d 1262, 1267 (10th Cir. 1999) ("It would be unreasonable to require courts to wade through a party's file in order to determine the most recent or most likely address at which to contact the party. The parties are far better situated to know of any errors in their address information, thus, they bear the burden of filing notice of a change of address in such a way that will bring the attention of the court to the address change. . . . The fact that [plaintiff] is acting pro se does not eliminate this burden.").

therein. Mitchell's petition is DISMISSED without prejudice for failure to exhaust administrative remedies.

IT IS SO ORDERED this 29th day of June 2021.

JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE